UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

RONALD HUGH HUTTON,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, et al.,

    Defendants.

Civil Action No. 5: 26-241-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Ronald Hugh Hutton is a resident of Lexington, Kentucky. Hutton has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion for leave to proceed *in forma pauperis* by separate Order.

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Hutton sues the United States Department of Veterans Affairs as well as twenty-five former landlords, their "business affiliates" and staff at WRAL, a news station in Raleigh, North Carolina. *See* [R. 1 at 2] Hutton sets forth the factual background for his case in a 26-page, single-spaced letter addressed to the Clerk of the Court. *See* [R. 1-1 at 1-25, 28] The letter describes events beginning in the early 2000s involving Hutton's former landlords; the latest date identified is 2019. However, Hutton does not clearly assert any claims based upon these events. Notably, none of the events described occurred in Kentucky, *see id.*; instead, all of the named defendants reside in North

Carolina or Virginia, *see* [R. 1-1 at 27]. As the basis for any claims, Hutton references without explanation 42 U.S.C. § 1983; the Privacy Act, 5 U.S.C. § 552a; Article 12 of the Universal Declaration of Human Rights; the First Amendment to the Constitution of the United States; and the second unnumbered paragraph of the Declaration of Independence. *See* [R. 1 at 3] For relief, Hutton requests an injunction terminating any investigation of him by WRAL, and that the individual defendants be prevented from seeing Hutton or speaking about him to other investigators. *See id*. at 26. Hutton further requests that the defendants be required to undergo a polygraph examination to answer the collective 216 questions he poses in an attachment. *See* [R. 1-1 at 26, 29-49]

The Court has reviewed Hutton's complaint, and will dismiss it without prejudice upon initial screening. A review of the Court's online PACER database shows that Hutton has been filing similar complaints, involving some of the same parties and claims, at various federal courts throughout the country for more than a decade. *Cf. Hutton v. U.S. Dept. of Veterans Affairs*, No. 1: 12-CV-190-JAB-JEP (M.D.N.C. 2012). And the complaint and attachments he filed in this case are identical to those he filed in several other courts in recent years, including one in June 2025 in the United States District Court for the Eastern District of North Carolina. *See Hutton v. U.S. Dept. of Veterans Affairs*, No. 5: 25-CV-381-FLB-RJ (E.D.N.C. 2025). In light of Hutton's repetitive filing of frivolous claims, one court long ago imposed pre-filing restrictions against him. *See Hutton v. U.S. Dept. of Veterans Affairs*, No. 5: 15-CV-9-FL (E.D.N.C. 2015).

In this case, dismissal is warranted on several grounds. First, Hutton's lengthy complaint fails to articulate any claims against the defendants as required by Rule 8(a) of the Federal Rules of Civil Procedure. He makes no allegations at all against the VA, and his meandering allegations against the individual defendants do not clearly identify viable claims against them under Section 1983 or the Privacy Act. As the Sixth Circuit has explained, "[t]he district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Kensu v. Corizon,*

2

*Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (*quoting United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).  And there is, of course, no private right of action under the Universal Declaration of Human Rights, the First Amendment, or the Declaration of Independence. Dismissal is warranted under Rule 8(a).  *See Hutton v. U.S. Dept. of Veterans Affairs*, No. 1: 26-CV-384-JPB (N.D. Ga. 2026), [R. 5 therein (recommending dismissal of identical complaint under Rule 8(a))].

Second, and independent of likely timeliness concerns, Hutton filed his complaint in a district with no connection whatsoever to his claims.  He indicates that the events described in the complaint took place from 2010 to the present in North Carolina, Georgia, Tennessee, New Jersey, and Pennsylvania.  *See id.* at 4.  A plaintiff must file a civil rights action in a district where one defendant resides if all defendants reside in the same state, or in a district where a substantial part of the relevant events occurred.  *See* 28 U.S.C. § 1391(b).  In this case, none of the defendants reside in this state and none of events described in Hutton's complaint transpired in Kentucky.  When a lawsuit is filed in the wrong district, the court may either dismiss the case or transfer it to the proper district.  28 U.S.C. § 1406(a).  Because the interests of justice would not be served by a transfer – particularly to a federal district court that has already imposed filing restrictions upon Hutton – the Court will dismiss this action without prejudice.

Accordingly, it is **ORDERED** as follows:

1.      The complaint, [R. 1], is **DISMISSED** without prejudice.

2.      This matter is **STRICKEN** from the docket.

Entered:  July 10, 2026.



Signed By:

*Karen K. Caldwell*

United States District Judge

3